UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 13-CV-22751-UNGARO/TORRES

ANGELA LARDNER,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.
A Florida Corporation

    Defendant.
_____/

## DEFENDANT, DIVERSIFIED CONSULTANTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, the Defendant, DIVERSIFIED CONSULTANTS, INC, by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

### JURISDICTION

1. Admitted for purposes of claims identification, jurisdiction and venue for actions brought by Plaintiff under the Fair Debt Collection Practices Act ("FDCPA"); Florida's Consumer Collection Practices Act ("FCCPA") and Telephone Consumer Protection Act ("TCPA"). All remaining allegations contained in paragraph 1 of Plaintiff's Complaint are denied.

### JURISDICTION AND VENUE

2. Admitted for purposes of jurisdiction and venue only; otherwise denied.

3. Admitted for purposes of jurisdiction and venue only; otherwise denied.

4. Admitted for purposes of jurisdiction and venue only; otherwise denied.

1

## PARTIES

5. Admitted for purposes of jurisdiction and venue only; otherwise denied.

6. Admitted to the extent that in certain circumstances, Defendant is acting as a debt collector as defined by the FDCPA; otherwise denied.

7. Admitted.

8. Admitted.

## FACTUAL ALLEGATIONS

9. Unknown at this time; therefore denied.

10. Unknown at this time; therefore denied.

11. Admitted to the extent that the Defendant was retained by the creditor to collect underlying debt obligation from the Plaintiff.

12. Unknown at this time therefore denied; Defendant demands strict proof thereof.

13. Unknown at this time; therefore denied; Defendant demands strict proof thereof.

14. Unknown at this time; therefore denied; Defendant demands strict proof thereof.

15. Unknown at this time; therefore denied; Defendant demands strict proof thereof.

16. Unknown at this time; therefore denied; Defendant demands strict proof thereof.

17. Unknown at this time; therefore denied; Defendant demands strict proof thereof.

## COUNT I

18. Defendant re-alleges and incorporates by reference the specific responses to Paragraphs 1 through 17 above as if fully restated herein.

19. Denied; Defendant demands strict proof thereof.

## COUNT II

20. Defendant re-alleges and incorporates by reference the specific responses to Paragraphs 1 through 19 above as if fully restated herein.

21. Denied; Defendant demands strict proof thereof.

## COUNT III

22. Defendant re-alleges and incorporates by reference the specific responses to Paragraphs 1 through 21 above as if fully restated herein.

23. Denied; Defendant demands strict proof thereof.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

1. Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to 15 U.S.C. §1692k and Florida Consumer Collection Practices Act, *§559.55 et seq.* since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

Second Affirmative Defense

2. Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

Third Affirmative Defense

3. Defendant affirmatively alleges that the Plaintiff failed to mitigate her damages, if any, in this case.

Fourth Affirmative Defense

4. Defendant affirmatively alleges that the Plaintiff's claims are filed and maintained in "bad faith" and for purposes of harassment and Defendant is entitled to damages, including attorney's fees and costs pursuant to 15 USC Section 1692k and 28 USC Section 1927

Fifth Affirmative Defense

5. Defendant affirmatively alleges that the Defendant did not have the requisite intent under Section 1962d(5) and/or Section 559.72(7) Fla. Stat. to support a cause of action.

Sixth Affirmative Defense

6. Defendant affirmatively alleges that the Defendant is exempt under the Telephone Consumer Protection Act (TCPA) under the statute's "prior express consent defense"

Seventh Affirmative Defense

2. Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the two (2) year statute of limitations under Florida's Consumer Collection Practices Act.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Respectfully submitted,

/s/ Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III, Esquire

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **August 30, 2013**, via the Court Clerk's CM/ECF system which will provide notice to the following:

>Bret L. Lusskin, Esq.
>1001 North Federal Highway, Suite 106
>1001 Hallandale Beach, Florida 33009
>blusskin@lusskinlaw.com
>Attorney for Plaintiff

>/s/Ernest H. Kohlmyer, III
>Ernest H. Kohlmyer, III, Esquire
>Florida Bar No. 0110108
>URBAN, THIER, FEDERER & CHINNERY, P.A.
>200 South Orange Avenue, Suite 2000
>Orlando, Florida   32801
>(407) 245-8352     Fax:  (407) 897-8361
>kohlmyer@urbanthier.com
>Attorneys for Defendant