123UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:13-cv-22751-UU

ANGELA LARDNER, individually,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.
a Florida corporation,

    Defendant.
_____/

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff ANGELA LARDNER, by and through the undersigned counsel and pursuant S.D. Local Rule 7.1 and the Scheduling Order of this Honorable Court [ECF No. 12], files the instant motion in limine and further states as follows:

1. Defendant may seek to introduce at trial the minimum amount of statutory damages that may be awarded to Plaintiff under the Telephone Consumer Protection Act:

   > **(3) PRIVATE RIGHT OF ACTION.—A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**
   > **. . .**
   > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater**

   47 U.S.C. § 227(b)(3)(B).

2. Should a jury determine that a certain number of impermissible calls were made to Plaintiff in violation of the TCPA, the jury would have no discretion in the amount of statutory damages to award, as the sum is fixed by statute at $500 dollars per unlawful call.

3. The discretion of the Court as to the *amount* of damages is only invoked when considering *willful* or *knowing* violations of the TCPA, per 47 U.S.C. § 227(b)(3):

> **If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.**

4. Plaintiff is not seeking actual damages in this matter; hence, the minimum statutory damages cannot aid the factfinder with respect to any aspect of the instant litigation.

5. Permitting the jury to consider the minimum statutory damages would have no probative value, and would seriously prejudice the Plaintiff. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) (pronouncing that Judges are to act as gatekeepers to assure that only evidence that will assist the factfinder is admitted).

6. While Defendant may attempt to argue that such testimony may aid the factfinder as to determining Plaintiff's motive for filing suit, this too would be irrelevant and prejudicial. *See Corey v. Clear Channel Outdoor, Inc.*, 683 S. E. 2d 27 (Ga. App. 2009) ("Because Clear Channel's motive for filing suit is not relevant…the trial court did not abuse its discretion in granting Clear Channel's motion in limine to exclude evidence of its motive in filing suit.").

7. In sum, since the calculation of statutory damages for non-willful violations of the TCPA is formulaic and not discretionary (i.e., the number of calls multiplied by $500.00 dollars per call), the only effect of a jury hearing the dollar value per violations is prejudice to the Plaintiff.

**MEMORANDUM OF LAW**

A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. *Stewart v. Hooters of America, Inc.*, Civ. No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, *1 (M. D. Fla. 2007). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id*. (citing *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials).

The Federal Rules of Evidence govern the admissibility of evidence at trial and requires that evidence be relevant to be admissible. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 403 permits the exclusion of evidence, even if relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." Fed. R. Evid. 403. "A district court has broad discretion in making decisions under Rule 403's probative-prejudice balancing analysis." *Stephen v. Hanley*, 2009 WL 1471180 at *3. "A motion in limine is not an appropriate substitute for thorough utilization of available discovery tools." *Abrams v. Ciba Specialty Chemicals Corp.*, Slip Copy, 2010 WL 1257679 (S.D. Ala. March 23, 2010).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's motion in limine to exclude Defendant from introducing or the jury from considering the minimum statutory damages permissible under the TCPA.

Dated: March 14, 2014                          Respectfully submitted,

                                               BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By:     /S/ Bret L. Lusskin, Esq.
          Bret L. Lusskin, Esq.
          Florida Bar No. 28069

## GOOD FAITH CERTIFICATE

Pursuant to S.D. Local Rule 7.1(a)(3), counsel for the Plaintiff has conferred with counsel for Defendant in an effort to resolve the issues raised in this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2014, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served by U.S. Mail or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                               BRET L. LUSSKIN, Esq.
20803 Biscayne Blvd., Ste 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By:     /S/ Bret L. Lusskin, Esq.
          Bret L. Lusskin, Esq.
          Florida Bar No. 28069