UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:13-cv-22751-UU

ANGELA LARDNER,

    Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.

_____/

## JOINT PRETRIAL STIPULATION

COME NOW the Plaintiff, ANGELA LARDNER and Defendant, DIVERSIFIED CONSULTANTS, INC., by and through their respective counsel and submit this Joint Final Pretrial Statement in compliance with the Court's October 11, 2013 Case Management and Scheduling Order [**DE 12**], and Local Rule 16.1(e).

**1.**    **STATEMENT OF THE CASE**.

    **(a)**    **Plaintiff.** Plaintiff Angela Lardner asserts that DCI is liable under the TCPA for making telephone calls using an automatic telephone dialing system and an artificial or prerecorded voice to Plaintiff's cellular telephone. Plaintiff also alleges that DCI is liable under the FDCPA for the same conduct, as the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt," and "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Plaintiff asserts that DCI is liable under the FCCPA for the same conduct as well, as the FCCPA prohibits anyone to "willfully communicate with the debtor or any

member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

**(b)** **Defendant**.  DCI asserts that it is not liable to the Plaintiff under the TCPA for three reasons: (1) DCI received the cellular telephone number from the original creditor and therefore DCI had prior express consent to communicate with her. (2) DCI cannot be vicariously liable under the TCPA since it did not actually make the calls since it retained a third party, LiveVox to make the telephone calls; and (3) DCI can't be liable to the Plaintiff since the LiveVox call system is not an "automatic telephone dialing system" ("ATDS") since the LiveVox system does not have the present capacity to generate random and/or sequential numbers regarding required by the TCPA.

DCI denies that it violated the FDCPA and/or FCCPA in that its attempted telephone communications are not a *per se* violation of these statutes. Secondly, DCI contends that it did not violate the FDCPA by engaging in any conduct of which the natural consequence was harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, including, causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.  DCI further contends that it did not violate the FCCPA by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff.

However, if the facts demonstrate any violation by Defendant of the FDCPA or FCCPA, Defendant asserts that it is entitled to the ***bona fide* error defense,** as Defendant's acts were not intentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

2. **BASIS OF FEDERAL JURISDICTION.**

Plaintiff brings this action pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 ("FDCPA"), Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 and Florida's Consumer Collections Practices Act ("FCCPA"), Section 559.72. <u>Fla. Stat</u>. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. Section 1692k(d), which provides:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs. <u>15 U.S.C. §1692k(d).</u>

In addition, Plaintiff brings this action pursuant to the Telephone Consumer Practices Act ("TCPA") and has subject matter jurisdiction pursuant to the United States Supreme Court's opinion in <u>Mims v. Arrow Collection Services</u>, 132 U.S. 740 (2012) Finally, Plaintiff seeks damages under Florida's Consumer Collection Practices Act, Florida Statutes, Section 559.55, *et seq.* ("FCCPA"). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367.

Personal jurisdiction over the parties arises under 28 USC § 1337 and venue is proper in this Court as Plaintiff and/or Defendant reside in this District and/or the complained of actions occurred in this District. There are no unresolved jurisdictional questions in this case.

3. **PLEADINGS**
   a. Complaint for Damages and Injunctive Relief [ECF No. 1].
   b. Defendant's Answer and Affirmative Defenses [ECF No. 8].

4. **MOTIONS / ADDITIONAL MATTERS.**

   **(a) Plaintiff.**

   (1) Plaintiff currently has an outstanding Motion for Partial Summary Judgment filed on January 6, 2014 [DE 18] to which Defendant has filed its Response in Opposition on February 24, 2014 [DE 24].  Reply filed on March 3, 2014 [DE 29]

   (2) Plaintiff's has a pending Motion in Limine filed on March 14, 2014.  [DE 38]

   **(b) Defendant.**

   (1) Defendant has a pending Motion for Summary Judgment filed on March 7, 2014 [DE 30];

   (2) Defendant has a pending Motion in Limine filed on March 14, 2014; [DE 37]

   (3) Defendant has a pending Motion to Stay filed on March 17, 2014 [DE 39]

5. **STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL.**

   a. Plaintiff is a resident of the Southern District of Florida

   b. This court has jurisdiction over the parties and the subject matter;

   c. The alleged debt is "consumer debt" as defined within the meaning of the FDCPA and FCCPA

   d. Angela Lardner is a consumer within the meaning of the FDCPA and FCCPA.

   e. Diversified Consultants, Inc. is a "debt collector" as defined with within the meaning under the FDCPA and FCCPA.

**6.     DISPUTED ISSUES OF FACT WHICH REMAIN TO BE LITIGATED.**

    **(a)**     *Whether Defendant had prior express consent to communicate with the Plaintiff?*

    **(b)**     *Whether the LiveVox telephone system is an "automatic telephone dialing system" as defined by 47 USC Section 227?*

    **(c)**     *If Defendant violated the TCPA in its communications with the Plaintiff, whether Defendant conduct was willful or knowing for the court to consider increasing the statutory penalty to an amount in excess of $500.00 per call*

    **(d)**     *Did Defendant violate the FDCPA, Section 1692d by engaging in conduct in which the natural consequence was to harass, oppress, or abuse the Plaintiff?*

    **(e)**     *Did Defendant violate the FDCPA, Section 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff?*

    **(f)**     *Did Defendant violate FCCPA, Section 559.72(7) <u>Fla</u>. <u>Stat.</u> by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff?*

    **(g)**     *Did Defendant violate FCCPA Section 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family?*

    **(h)**     *Whether Defendant is entitled to the FDCPA and FCCPA "bona fide error defense."*

7. **ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

The parties agree that the substantive action at issue is governed by the Telephone Consumer Protection Act, 47 USC 227, ("TCPA"), Fair Debt Collection Practices Act, 15 USC §1692 ("FDCPA") and Florida's Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA"). The Parties further agree to the applicability of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

8. **DISPUTED ISSUES OF LAW WHICH REMAIN FOR DETERMINATION.**

   **(a)** *Whether the Defendant can be vicariously liable for the actions of an independent contractor, who actually dials the telephone numbers under the TCPA?*

   **(b)** *Whether the LiveVox telephone system is an "ATDS" as defined by the TCPA?*

9. **EXHIBIT LIST.**

   **(a) Plaintiff.**

   Plaintiff's trial exhibit list is attached as **Exhibit 1** on Clerk's approved form.

   **(b) Defendant.**

   Defendant's trial exhibit list is attached as **Exhibit 2** on Clerk's approved form.

10. **WITNESS LIST.**

    **(a) Plaintiff.**

    Plaintiff's witness list is attached as **Exhibit 3** on Clerk's approved form.

    **(b) Defendant.**

    Defendant's witness list is attached as **Exhibit 4** on Clerk's approved form.

11. **ESTIMATED TIME OF TRIAL**

    Counsel estimates that the length of trial is 1-2 days

**12.  ESTIMATE OF MAXIMUM ALLOWABLE ATTORNEY'S FEES**

  **(a) Plaintiff.**

  Plaintiff estimates $30,000.00 in attorney's fees.

  **(b) Defendant.**

  Defendant estimates $35,000.00 in attorney's fees.

**13.  JURY INSTRUCTIONS.**

The parties have been unable to reach an agreement on the proposed Jury Instructions. Separate instructions have been provided by Plaintiff and Defendant and are attached as **Exhibit 5A and 5B**, respectively. The parties will attempt to reach an agreement and submit a joint set of jury instructions no later than **March 28, 2014.**

**14.  VERDICT FORM.**

The parties have been unable to reach an agreement on the Verdict Form. Plaintiff and Defendant have each submitted a proposed Verdict Form as **Exhibit 6A and 6B**, respectively, based on the remaining issues that have not been resolved by Defendant's Motion for Summary Judgment. An amended or supplemental Verdict Form may be necessary prior to trial depending on the Court's ruling on Defendant's Motion for Summary Judgment. The parties will attempt to reach an agreement and submit a joint Verdict Form no later than **March 28, 2014**.

**WHEREFORE** Plaintiff, ANGELA LARDNER and Defendant, DIVERSIFIED CONSULTANTS, INC., respectfully submit this proposed joint pretrial statement for the Court's consideration and for application and use before and during trial.

Dated this **21st** day of **March, 2014**.

| | |
|---|---|
| */s/ Bret L. Lusskin* | */s/ Ernest H. Kohlmyer, III* |
| BRET L. LUSSKIN, Esq. | ERNEST H. KOHLMYER, III, Esq. |
| Florida Bar No. 28069 | Florida Bar No. 110108 |
| 1001 N. Federal Highway, Suite 106 | Urban, Thier, Federer & Chinnery, P.A. |
| Hallandale Beach, FL 33009 | 200 S. Orange Avenue, Suite 2000 |
| Telephone (954) 454-5841 | Orlando, FL 32801 |
| Facsimile (954) 454-5844 | Telephone (407) 245-8352 |
| blusskin@lusskinlaw.com | Facsimile (407) 245-8361 |
| *Attorneys for Plaintiff* | kohlmyer@urbanthier.com |
| | *Attorneys for Defendant* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on March 21, 2014, via the Clerk of Court's CM/ECF system which will provide electronic notice to the following attorneys of record:

> */s/ Ernest H. Kohlmyer, III*
> Ernest H. Kohlmyer, III
> Florida Bar No.: 110108
> kohlmyer@urbanthier.com
> Urban, Thier, Federer & Chinnery, P.A.
> 200 S. Orange Avenue, Suite 2000
> Orlando, FL 32801
> Phone: (407) 245-8352
> Fax: (407) 245-8361
> *Attorneys for Defendant*